IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HORACE CULLUM, § <br>    Petitioner, § <br> § <br> v. § <br> § <br> NATHANIEL QUARTERMAN, § <br>    Director of the Texas Department § <br>    of Criminal Justice - Correctional § <br>    Institutions Division, § <br>    Respondent. § | CIVIL ACTION NO: H-07-1525 |

**MEMORANDUM AND RECOMMENDATION**

Petitioner Cullum's application for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 has been referred to this magistrate judge for a report and recommendation (Dkt. 8). The court recommends that petitioner's application be denied with prejudice as time-barred.

**BACKGROUND**

On May 2, 1988, Cullum was convicted by the 230th District Court for Harris County, Texas in cause number 492581 of indecency with a child and was sentenced, based on an enhancement due to a prior conviction, to 25 years in prison. Cullum appealed. The Texas Court of Appeals reversed his sentence (not his conviction) and remanded his case to the trial court for re-sentencing. On remand, Cullum was sentenced to 15 years.

Cullum asserts in his petition that he has filed three state applications for writ of habeas corpus challenging this conviction. He does not remember when he filed the first

state application, or what grounds he raised.[1]  He filed his second state writ application (WR-5,196-14) on or about January 15, 2004 on the grounds that the state failed to prove that the prior conviction used as a sentencing enhancement was a final conviction.  The Texas Court of Criminal Appeals dismissed that application on March 24, 2004.  Cullum filed a third state writ application (WR-5,196-18) on September 28, 2006 on the grounds that his conviction violates double jeopardy.  The Texas Court of Criminal Appeals dismissed that application on October 25, 2006.[2]

Cullum was released to mandatory supervision on January 15, 1994.  In 2003, he was convicted of the separate crime of failing to register as a sex offender and sentenced to 10 years in prison.  He is currently serving that sentence.

Cullum filed the instant federal petition on April 26, 2007 asserting that his conviction in case number 492581 violated his right to be free from double jeopardy..

## ANALYSIS

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Under the AEDPA, a petition for habeas relief filed by a person in state custody is subject to a one-year period of limitations which runs from the latest of:

---

[1]  According to its website, the Texas Court of Criminal Appeals received Cullum's first writ application regarding cause number 492581 (WR-5,196-12), on July 12, 1990 and it was denied without written order on October 17,1990.  Cullum filed numerous writ applications (WR-5,196-1 through WR-5,196-11) regarding prior convictions.

[2]  Cullum also attempted on November 1, 2004 to file a original writ of mandamus (WR-5,196-16), but leave was denied December 15, 2004.

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Because Cullum's conviction became final prior to the AEDPA's April, 24, 1996, effective date, he was entitled to a one-year grace period from that date (in the absence of statutory or equitable tolling) to file a federal habeas petition.

Cullum's federal petition, filed April 26, 2007, is time-barred.[3] His state applications for writ of habeas corpus did not toll his statute of limitations because all were filed well after his one-year limitations period expired on April 24, 1997. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Cullum's petition and memorandum present no facts that suggest grounds for equitable tolling of the limitations period for 10 years.

---

[3]   Cullum's petition is also subject to dismissal because, according to his own allegations, he is not currently in custody on the conviction he is challenging. However, even very liberally construing Cullum's petition to challenge his 2003 conviction, the petition is time-barred. Moreover, it appears that the 2003 conviction is the subject of another federal court habeas corpus proceeding pending in this district, Civil Action No. 4:05cv3511, and thus any claim in this case relating to that conviction would be subject to dismissal as duplicative.

## CONCLUSION

The court recommends that Cullum's petition be summarily denied with prejudice as time-barred.

The court orders that Cullum's motions for leave to proceed (Dkt. 3), motion for writ of prohibition (Dkt. 4), motion for evidentiary hearing (Dkt. 5), and motion for leave to proceed in forma pauperis (Dkt. 6) are denied

The court further finds that Cullum has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

Cullum is hereby granted notice and a fair opportunity to show why the limitation period has not expired. *See Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006). Accordingly, Cullum has thirty days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on May 17, 2007.

Stephen Wm Smith
United States Magistrate Judge